TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

EMMA HAMILTON (CA Bar No. 325360)
Trial Attorney
Natural Resources Section
999 18th Street – South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1361
Fax: (303) 844-1350
emma.hamilton@usdoj.gov

SCOTT ERIK ASPHAUG
United States Attorney
District of Oregon

KEVIN DANIELSON
Assistant U.S. Attorney

*Attorneys for Federal Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CASCADIA WILDLANDS, and OREGON WILD,<br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br>       Defendant. | Case No. 6:21-CV-01225-AA<br><br>SETTLEMENT AGREEMENT |

This Settlement Agreement is entered into by and between Plaintiffs Cascadia Wildlands and Oregon Wild and Defendant U.S. Forest Service (collectively, "the Parties"), who state as follows:

WHEREAS, the Forest Service authorized the Green Mountain Project in the McKenzie River Ranger District on the Willamette National Forest through its July 6, 2017 Record of Decision ("ROD"), which included authorization of commercial timber harvest treatments in certain harvest units;

WHEREAS, the Forest Service authorized the Lang Dam Project in the McKenzie River Ranger District on the Willamette National Forest through its August 23, 2017 Decision and Finding of No Significant Impact ("FONSI"), which included authorization of commercial timber harvest treatments in certain harvest units;

WHEREAS, the Forest Service authorized the Hwy 46 Project in the Detroit Ranger District on the Willamette National Forest through its July 10, 2018 and May 23, 2019 RODs, which each included authorization of commercial timber harvest treatments in certain harvest units;

WHEREAS, the 2020 Holiday Farm Fire affected portions of the Green Mountain Project Area and the Lang Dam Project Area, including some areas sold and awarded for harvest through commercial timber sales under the Lang Dam Decision and FONSI;

WHEREAS, the 2020 Lionshead Fire affected portions of the Hwy 46 Project Area, including some areas proposed for harvest and sold and awarded for harvest through commercial timber sales under the Hwy 46 RODs;

WHEREAS, Plaintiffs filed their "Complaint for Declaratory and Injunctive Relief," ECF No. 1, on August 18, 2021, and their "First Amended Complaint for Declaratory and Injunctive Relief," ECF No. 9, on September 13, 2021;

WHEREAS, Plaintiffs' Amended Complaint alleges: that the Forest Service violated the National Environmental Policy Act ("NEPA") 42 U.S.C. §§ 4321 *et seq.* by failing to supplement the Green Mountain and Hwy 46 Final Environmental Impact Statements ("FEIS") and Lang Dam Environmental Assessment ("EA") following 2020 wildfires; that the Forest Service violated the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq*. by failing to reinitiate consultation for several listed species following the fires; and that the Forest Service violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(6)(A);

WHEREAS, Defendant filed its response to Plaintiffs' Amended Complaint on November 22, 2021, ECF No. 26, denying Plaintiffs' allegations;

WHEREAS, on December 3, 2021, the Court granted Plaintiffs' Motion for Preliminary Injunction, ECF No. 28;

WHEREAS, the Parties, through their authorized representatives, have reached a settlement that they believe is in the public interest and consider to be a just, fair, adequate, and equitable resolution of the claims set forth in Plaintiffs' Amended Complaint;

THEREFORE, Plaintiffs and Defendant agree to the following:

1. Attachment 1 to this Settlement Agreement lists the status of all Hwy 46 sale units that were originally approved for commercial harvest in the Hwy 46 RODs. Attachment 1 shows which units will not move forward with commercial harvest as a result of post-fire Forest Service review; which units will not move forward with commercial harvest as a result of this Settlement Agreement; and which units may move forward with commercial harvest following this Settlement Agreement. The Parties' unit-specific stipulations set forth below are reflected in Attachment 1.

2. The Forest Service, and its agents and assigns, agree to not implement any commercial harvest in the Roaring SBA Timber Sale. The Cultus Timber Sale may continue. All other activities approved and authorized in the first Hwy 46 ROD, *i.e.*, authorized activities other than commercial timber harvest, may continue.

3. The Forest Service agrees to the following implementation changes to the units listed below that were approved in the second Hwy 46 ROD. All other activities approved and authorized in the second Hwy 46 ROD, *i.e.* authorized activities other than commercial timber harvest, may continue:

    a. The Forest Service will not implement any commercial harvest in any of the following units approved in the second Hwy 46 ROD that burned and for which the prescription was modified as a result of the 2020 fires: Collawash Sale units 42, 44a, 44b, 45b, 46, 58a, 60, 60a, 61, and 63; Mansfield Sale units 32, 41, 80a,

       150, and 150a; Short Sale unit 28a.  The Forest Service may authorize the removal and sale of already-felled timber in Mansfield unit 150.

   b. The Forest Service will not implement any commercial harvest in Fox Sale units 12, 12a, 95, 95a, 95b, 96, and 96a.

   c. The Forest Service may implement commercial harvest in Fox Sale unit 84, but will retain 60% canopy cover within that unit.

4. The Forest Service agrees to take Plaintiffs on a guided field trip to at least two Hwy 46 north side units in the each of the Mansfield, Short and Collawash sales at least once within 90 days of the execution of this Settlement Agreement, conditions permitting. Plaintiffs may request other guided field trips to other units in the Lang Dam and Hwy 46 project areas. Pursuant to Forest Service regulations, a site visit agenda must be developed and vetted by the Forest Service for safety in advance.  Participants must each fill out and sign an Application for Permit for Use of Roads, Trails, or Areas Restricted by Regulation or Order (FS-7700-40) area closure permit and be issued a Permit for Use of Roads, Trails, or Areas Restricted by Regulation or Order (FS-7700-48).  Entry or access to active timber sale areas will require an approved Forest Service escort for safety and consistency with OSHA requirements.

5. The Forest Service agrees to provide Plaintiffs with monthly updates on the status of the logging activities on Hwy 46 and Lang Dam for the entirety of calendar year 2022, starting from the Effective Date of this Settlement Agreement.  Each monthly update will be sent via email to Doug Heiken (dh@oregonwild.org), Nick Cady (nick@cascwild.org), and will copy counsel for Plaintiffs (meriel@crag.org) and Defendant (emma.hamilton@usdoj.gov), and will report the number of acres and types of harvest activities implemented under both projects in the previous 30 days.

6. The Forest Service agrees to make all supplemental information reports completed in response to the 2020 fires publicly available on each project's respective website and will provide Plaintiffs a list of such reports. Should Plaintiffs seek additional records, they may submit a new FOIA request and the Forest Service will respond accordingly.

7. The Forest Service may continue with all planned activities authorized by the Green Mountain Record of Decision.

8. The Forest Service may continue with all remaining activities authorized by the Lang Dam Decision Notice and Finding of No Significant Impact.

9. Nothing in this Settlement Agreement prohibits the Forest Service from undertaking new projects or agency actions within the original project areas.

10. <u>Modification of Agreement</u>. This Settlement Agreement may be modified by the Court upon good cause shown (i) by written stipulation between the Parties filed with and approved by the Court, or (ii) upon written motion filed by one of the Parties pursuant to Paragraph 18 and granted by the Court.  In the event that either Party seeks to modify the terms of this Settlement Agreement, or in the event of a disagreement between the Parties concerning any aspect of this Settlement Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Settlement Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with written notice of the claim.  The Parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves after 21 calendar days following receipt of a written notice or such longer time agreed to by the Parties, either Party may seek relief from the Court.  In the event that Plaintiffs believe that Defendant has failed to comply with a term of this Settlement Agreement, and after completing the notice and informal resolution process described above, Plaintiffs may move to enforce the terms of this Settlement Agreement.  This Settlement Agreement shall not be enforceable through a proceeding for contempt of Court.

11. <u>Attorneys' Fees and Costs.</u>  The Parties have agreed to compromise and resolve all claims for attorney fees, costs, and expenses arising from the claims alleged in this action.  Defendant agrees to pay Plaintiffs the agreed sum of $115,000.00 (hereafter "Agreed Sum") in exchange for dismissing the action.  Plaintiffs agree that payment of

5

the Agreed Sum by Defendant will constitute full and final settlement of all claims, attorney fees, expenses, disbursements, and costs arising from this action including, but not limited to, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and any other applicable statute or common law theory. The payment will occur in accordance with the following terms:

   a. Defendant's payment, as identified in Paragraph 11 above, shall be accomplished by Defendant making electronic funds transfers as specified in instructions provided by Plaintiffs to Defendant.

   b. Defendant agrees to make all reasonable efforts to submit all necessary paperwork to the appropriate offices within thirty (30) days of the filing of this Settlement Agreement with the court and receipt of Plaintiffs' payment information. Counsel for Defendant agrees to assist counsel for Plaintiffs in following up with the appropriate office(s) if payment is not received within thirty (30) calendar days after the paperwork for processing of the payment has been submitted.

12. Dismissal of Action. Concurrently with this Settlement Agreement, the Parties shall file a joint motion seeking dismissal of all counts of Plaintiffs' First Amended Complaint with prejudice.  That motion will request that the Court retain jurisdiction to resolve any disputes over compliance with the terms of this Settlement Agreement and to resolve any motions to modify such terms, until Defendant satisfies its obligations under the Settlement Agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

13. Representative Authority.  The undersigned representatives of Plaintiffs and Defendant certify that they are fully authorized by the party or parties whom they represent to enter

into the terms and conditions of this Settlement Agreement and to legally bind those parties to it.

14. <u>Compliance with Other Laws</u>.  Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendant obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.  Nothing in this Settlement Agreement shall be construed to deprive a federal official of authority to revise, amend or promulgate regulations, or to amend or revise land and resource management plans.  Nothing in this Settlement Agreement is intended to or shall be construed to amend or require amendment of the Forest Plan for the Willamette National Forest; to waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the Administrative Procedure Act ("APA"); or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Settlement Agreement.

15. <u>Mutual Drafting</u>.  It is hereby expressly understood and agreed that this Settlement Agreement was jointly drafted by Plaintiffs and Defendant.  Accordingly, the Parties hereby agree that any and all rules of construction, to the effect that ambiguity is construed against the drafting party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Settlement Agreement.

16. <u>Sole and Final Agreement.</u>  This Settlement Agreement contains all of the agreements between Plaintiffs and Defendant, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiffs'

claims. Plaintiffs and Defendant agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement by the Parties must be in writing, and must be signed and executed by all Plaintiffs and Defendant.

17. <u>No Precedential Value.</u>  This Settlement Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or Defendant to any fact, claim, or defense on any issue in this litigation. This Settlement Agreement has no precedential value and shall not be cited in any other litigation.

18. <u>Force Majeure</u>.  The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance. Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Settlement Agreement. A Party is entitled to delay or forego actions under this Settlement Agreement due to events beyond their control, but force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available. The Party claiming force majeure shall have the burden of proof in proceedings to enforce or modify the Settlement Agreement.

19. <u>Effective Date</u>.  This Settlement Agreement contains all of the agreements between the Parties, and is the final and sole agreement between the Parties regarding this dispute. None of the provisions or obligations of this Settlement Agreement shall become effective and binding until the Court grants the Parties' motion to dismiss.

DATED: June 29, 2022.

        TODD KIM
        Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        */s/ Emma L. Hamilton*
        EMMA L. HAMILTON (CA Bar No. 325360)
        Trial Attorney
        Natural Resources Section
        999 18th Street
        South Terrace, Suite 370
        Denver, CO 80202
        Tele: (303) 844-1361
        Fax: (303) 844-1350
        emma.hamilton@usdoj.gov

        SCOTT ERIK ASPHAUG, OSB #833674
        United States Attorney
        District of Oregon

        KEVIN DANIELSON, OSB #065860
        kevin.c.danielson@usdoj.gov
        Assistant United States Attorney
        1000 SW Third Avenue, Suite 600
        Portland, Oregon 97204-2902
        Telephone: (503) 727-1000

        *Counsel for Federal Defendants*

        */s/ Nicholas S. Cady*
        Nicholas S. Cady (OSB # 113463)
        Cascadia Wildlands
        P.O. Box 10455
        Eugene, Oregon 97440
        Tel: 541-434-1463
        Email: nick@cascwild.org

        Meriel L. Darzen (OSB #113645)
        Crag Law Center
        3141 E. Burnside Street
        Portland, Oregon 97214
        Tel: 503-525-2725
        Email: meriel@crag.org

        *Counsel for Plaintiffs*

# ATTACHMENT 1

Definitions:

**Settlement** – Units where commercial timber harvest was included in a planned or sold timber sale that will NOT be commercially harvested under the authorization of the Hwy 46 Record of Decisions because of the settlement agreement made between Plaintiffs and Federal Defendant. Some units addressed in the settlement will move forward but with modifications. Those specific units are called out in the Notes column of Attachment 1.

**Not Moving Forward** – Units planned for commercial timber harvest that will NOT be commercially harvested under the authorization of the Hwy 46 Record of Decisions. The reasons these units will no longer be commercially harvested include determinations that came out of the Forest's supplemental information review or because of a safety or economic issue that led to a determination that these units will be removed from sold or planned timber sales.

**Moving Forward** – Units where commercial timber harvest MAY move forward consistent with the prescriptions and analysis identified through the EIS, SIR, and sale packages as part of this settlement agreement.

|  | Original Units | Post Settlement Remaining Units | Notes |
|---|---|---|---|
| Collawash | 42 | Settlement | |
| Collawash | 42a | Moving Forward | |
| Collawash | 44 | Not Moving Forward | |
| Collawash | 44a | Settlement | |
| Collawash | 44b | Settlement | |
| Collawash | 45b | Settlement | |
| Collawash | 46 | Not Moving Forward | |
| Collawash | 47 | Moving Forward | Unit size was reduced due to the SIR |
| Collawash | 47a | Not Moving Forward | |
| Collawash | 47b | Moving Forward | |
| Collawash | 47c | Not Moving Forward | |
| Collawash | 47d | Moving Forward | |
| Collawash | 47e | Moving Forward | |
| Collawash | 48 | Moving Forward | |
| Collawash | 49 | Moving Forward | |
| Collawash | 50 | Not Moving Forward | |
| Collawash | 51 | Moving Forward | Unit size was reduced due to the SIR |
| Collawash | 51a | Not Moving Forward | |
| Collawash | 52 | Not Moving Forward | |
| Collawash | 53 | Moving Forward | |
| Collawash | 55 | Moving Forward | |
| Collawash | 55a | Moving Forward | |
| Collawash | 56 | Moving Forward | |
| Collawash | 57 | Moving Forward | |
| Collawash | 58 | Not Moving Forward | |
| Collawash | 58a | Settlement | |
| Collawash | 59 | Moving Forward | |
| Collawash | 60 | Settlement | |
| Collawash | 60a | Settlement | |
| Collawash | 61 | Settlement | |
| Collawash | 61a | Not Moving Forward | |

| | | | |
|---|---|---|---|
| Collawash | 61b | Moving Forward | Unit size was reduced due to the SIR |
| Collawash | 62 | Not Moving Forward | |
| Collawash | 62a | Not Moving Forward | |
| Collawash | 63 | Settlement | |
| Collawash | 64 | Moving Forward | Unit size was reduced due to the SIR |
| Collawash | 64a | Not Moving Forward | |
| Collawash | 64c | Moving Forward | |
| Collawash | 64d | Moving Forward | Unit size was reduced due to the SIR |
| Collawash | 64e | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 70 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 71 | Not Moving Forward | |
| Cultus | 72 | Moving Forward | Rx modified to include dead trees |
| Cultus | 73 | Not Moving Forward | |
| Cultus | 73a | Not Moving Forward | |
| Cultus | 74 | Moving Forward | |
| Cultus | 75a | Not Moving Forward | |
| Cultus | 75 | Not Moving Forward | |
| Cultus | 76 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 77 | Not Moving Forward | |
| Cultus | 77a | Not Moving Forward | |
| Cultus | 78 | Moving Forward | Rx modified to include dead trees |
| Cultus | 78a | Moving Forward | Rx modified to include dead trees |
| Cultus | 100 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 101 | Not Moving Forward | |
| Cultus | 102 | Not Moving Forward | |
| Cultus | 103 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 104 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 105 | Moving Forward | Rx modified to include dead trees |
| Cultus | 110 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 111 | Not Moving Forward | |
| Cultus | 112 | Not Moving Forward | |
| Cultus | 120 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 121 | Not Moving Forward | |
| Cultus | 130 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 131 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 132 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 140 | Not Moving Forward | |
| Cultus | 141 | Moving Forward | Unit size was reduced due to the SIR<br>RX modified to include dead trees |
| Cultus | 180 | Not Moving Forward | |
| Cultus | 181 | Not Moving Forward | |
| Cultus | 182 | Not Moving Forward | |
| Cultus | 190 | Not Moving Forward | |
| Cultus | 191 | Moving Forward | Unit size was reduced due to the SIR |

| | | | |
|---|---|---|---|
| Cultus | 192 | Not Moving Forward | |
| Cultus | 193 | Not Moving Forward | |
| Cultus | 200 | Moving Forward | Unit size was reduced due to the SIR RX modified to include dead trees |
| Cultus | 201 | Not Moving Forward | |
| Cultus | 202 | Moving Forward | Unit size was reduced due to the SIR RX modified to include dead trees |
| Cultus | 203 | Moving Forward | Rx modified to include dead trees |
| Cultus | 220 | Modified to 221- 225 | New unit numbers within the foot print of former Unit 220 |
| Cultus | 221 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 222 | Moving Forward | Unit size was reduced due to the SIR |
| Cultus | 223 | Moving Forward | Rx modified to include dead trees |
| Cultus | 224 | Moving Forward | Rx modified to include dead trees |
| Cultus | 225 | Moving Forward | Rx modified to include dead trees |
| Cultus | 240 | Moving Forward | Rx modified to include dead trees |
| Cultus | 250 | Moving Forward | |
| Cultus | 251 | Moving Forward | Rx modified to include dead trees |
| Cultus | 260 | Moving Forward | Rx modified to include dead trees |
| Cultus | 261 | Not Moving Forward | |
| Cultus | 262 | Not Moving Forward | |
| Cultus | 280 | Not Moving Forward | |
| Cultus | 290 | Not Moving Forward | |
| Cultus | 291 | Not Moving Forward | |
| Cultus | 292 | Not Moving Forward | |
| Cultus | 293 | Not Moving Forward | |
| Cultus | 294 | Not Moving Forward | |
| Cultus | 301 | Not Moving Forward | |
| Cultus | 302 | Not Moving Forward | |
| Cultus | 320 | Not Moving Forward | |
| Cultus | 321 | Not Moving Forward | |
| Cultus | 322 | Not Moving Forward | |
| Cultus | 340 | Moving Forward | Unit size was reduced due to the SIR RX modified to include dead trees |
| Cultus | 350 | Not Moving Forward | |
| Cultus | 360 | Not Moving Forward | |
| Cultus | 361 | Not Moving Forward | |
| Cultus | 362 | Not Moving Forward | |
| Cultus | 370 | Not Moving Forward | |
| Cultus | 371 | Not Moving Forward | |
| Cultus | 372 | Not Moving Forward | |
| Cultus | 373 | Not Moving Forward | |
| Cultus | 374 | Not Moving Forward | |
| Cultus | 380 | Not Moving Forward | |
| Cultus | 381 | Not Moving Forward | |
| Cultus | 390 | Not Moving Forward | |
| Cultus | 391 | Not Moving Forward | |
| Cultus | 400 | Not Moving Forward | |
| Cultus | 401 | Not Moving Forward | |
| Cultus | 402 | Not Moving Forward | |

| | | | |
|---|---|---|---|
| Cultus | 403 | Not Moving Forward | |
| Fox | 1 | Moving Forward | |
| Fox | 2 | Moving Forward | |
| Fox | 2a | Moving Forward | |
| Fox | 5 | Moving Forward | |
| Fox | 5a | Moving Forward | |
| Fox | 6 | Moving Forward | |
| Fox | 6a | Moving Forward | |
| Fox | 6b | Moving Forward | |
| Fox | 7 | Moving Forward | |
| Fox | 7a | Moving Forward | |
| Fox | 11 | Moving Forward | |
| Fox | 12 | Settlement | |
| Fox | 12a | Moving Forward | |
| Fox | 84 | Moving Forward | Prescription will be modified to retain 60% Canopy Cover |
| Fox | 84a | Moving Forward | Prescription will be modified to retain 60% Canopy Cover |
| Fox | 84b | Moving Forward | Prescription will be modified to retain 60% Canopy Cover |
| Fox | 84c | Moving Forward | Prescription will be modified to retain 60% Canopy Cover |
| Fox | 84d | Moving Forward | Prescription will be modified to retain 60% Canopy Cover |
| Fox | 93 | Moving Forward | |
| Fox | 93a | Moving Forward | |
| Fox | 94 | Moving Forward | |
| Fox | 94a | Moving Forward | |
| Fox | 95 | Settlement | |
| Fox | 95a | Moving Forward | |
| Fox | 95b | Moving Forward | |
| Fox | 96 | Settlement | |
| Fox | 96a | Moving Forward | |
| Mansfield | 31 | Moving Forward | Unit size was reduced due to the SIR |
| Mansfield | 32 | Not Moving Forward | |
| Mansfield | 32c | Not Moving Forward | |
| Mansfield | 32d | Not Moving Forward | |
| Mansfield | 33 | Moving Forward | Unit size was reduced due to the SIR |
| Mansfield | 33a | Moving Forward | |
| Mansfield | 33b | Moving Forward | |
| Mansfield | 33c | Moving Forward | |
| Mansfield | 33d | Moving Forward | |
| Mansfield | 34 | Not Moving Forward | |
| Mansfield | 34a | Not Moving Forward | |
| Mansfield | 35 | Moving Forward | |
| Mansfield | 35b | Moving Forward | |
| Mansfield | 35a | Moving Forward | |
| Mansfield | 38 | Moving Forward | |
| Mansfield | 39 | Moving Forward | |
| Mansfield | 39a | Moving Forward | |
| Mansfield | 40 | Moving Forward | Unit size was reduced due to the SIR |
| Mansfield | 40a | Moving Forward | |
| Mansfield | 41 | Settlement | |
| Mansfield | 80 | Moving Forward | |

| | | | |
|---|---|---|---|
| Mansfield | 80a | Settlement | |
| Mansfield | 81 | Moving Forward | |
| Mansfield | 97 | Not Moving Forward | |
| Mansfield | 150 | Settlement | No additional trees will be felled but previously felled trees along the road can be removed to reduce the fuel loads |
| Mansfield | 150a | Settlement | |
| Roaring 2 | 410 | Not Moving Forward | |
| Roaring 2 | 411 | Settlement | |
| Roaring 2 | 420 | Not Moving Forward | |
| Roaring 2 | 430 | Not Moving Forward | |
| Roaring 2 | 431 | Not Moving Forward | |
| Roaring 2 | 450 | Not Moving Forward | |
| Roaring 2 | 451 | Not Moving Forward | |
| Roaring 2 | 460 | Settlement | |
| Roaring 2 | 470 | Settlement | |
| Roaring 2 | 480 | Not Moving Forward | |
| Roaring 2 | 490 | Settlement | |
| Roaring 2 | 491 | Settlement | |
| Roaring 2 | 492 | Settlement | |
| Roaring 2 | 493 | Settlement | |
| Roaring 2 | 510 | Settlement | |
| Roaring 2 | 511 | Not Moving Forward | |
| Roaring 2 | 520 | Not Moving Forward | |
| Roaring 2 | 521 | Not Moving Forward | |
| Roaring 2 | 522 | Not Moving Forward | |
| Roaring 2 | 530 | Not Moving Forward | |
| Roaring 2 | 540 | Not Moving Forward | |
| Short | 14 | Moving Forward | |
| Short | 16 | Moving Forward | |
| Short | 16a | Moving Forward | |
| Short | 16b | Moving Forward | |
| Short | 16c | Moving Forward | |
| Short | 16d | Moving Forward | |
| Short | 16e | Moving Forward | |
| Short | 18 | Moving Forward | |
| Short | 18a | Moving Forward | |
| Short | 18b | Moving Forward | |
| Short | 18c | Moving Forward | |
| Short | 19 | Moving Forward | |
| Short | 19a | Moving Forward | |
| Short | 19b | Moving Forward | |
| Short | 20 | Moving Forward | |
| Short | 20a | Moving Forward | |
| Short | 21 | Moving Forward | |
| Short | 21a | Moving Forward | |
| Short | 22 | Moving Forward | |
| Short | 22a | Moving Forward | |
| Short | 22b | Moving Forward | |
| Short | 22c | Moving Forward | |

| Short | 23  | Moving Forward     |  |
|-------|-----|--------------------|--|
| Short | 23a | Moving Forward     |  |
| Short | 24  | Moving Forward     |  |
| Short | 24a | Moving Forward     |  |
| Short | 25  | Moving Forward     |  |
| Short | 25a | Moving Forward     |  |
| Short | 25b | Moving Forward     |  |
| Short | 26  | Moving Forward     |  |
| Short | 27  | Moving Forward     |  |
| Short | 28  | Moving Forward     |  |
| Short | 28a | Settlement         |  |
| Short | 30  | Moving Forward     |  |
| Short | 83  | Not Moving Forward |  |
| Short | 87  | Moving Forward     |  |